UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALAN NEFF,

        Petitioner,

                                    CASE NO. 2:13-CV-14762
v.                                  HONORABLE GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE
CINDI CURTIN,

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

      Richard Alan Neff, ("Petitioner"), confined at the Oaks Correctional Facility in

Manistee, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Petitioner challenges his sentence for two counts of first-degree criminal

sexual conduct, M.C.L.A. 750.520b; one count of second-degree criminal sexual

conduct, M.C.L.A. 750.520c; and one count of accosting, enticing, or soliciting a child

for immoral purposes, M.C.L.A. 750.145(a).

      For the reasons stated below, the petition for writ of habeas corpus is

**SUMMARILY DENIED.**

## I. Background

      A jury convicted petitioner of the above offenses in the Monroe County Circuit

Court.  Petitioner was sentenced to 15 to 25 years' imprisonment for each count of

first-degree criminal sexual conduct, 4 to 15 years' imprisonment for second-degree

criminal sexual conduct, and one to four years' imprisonment for accosting, enticing, or

soliciting a child for immoral purposes.

Petitioner's conviction was affirmed on appeal. *People v. Neff,* No. 301435, 2012

WL 1890156 (Mich.Ct.App. May 22, 2012); *lv. den.* 493 Mich. 893, 822 N.W. 2d 584

(2012).

Petitioner seeks habeas relief on the following grounds:

I.  Trial court improperly departed from sentencing guidelines, a violation
of my rights under Constitutional Amendments VIII and XIV.

II.  Trial court erred by not articulating, on the record, its reasons for
imposing the actual sentence handed down, a violation of my
Constitutional Rights.

III.  Trial court erred when it failed to articulate how my sentences were
proportional to the seriousness of my conduct or to me in light of my lack
of criminal history, a violation of my constitutional rights.

IV.  The trial court violated my constitutional rights by mandating a cruel
and unusual punishment in the form of an excessive sentence, which also
violated my right to equal protection of the laws.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim–

(1)      resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In addition, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal

-3-

habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules

Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition

is necessary when the petition is frivolous, or obviously lacks merit, or where the

necessary facts can be determined from the petition itself without consideration of a

return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970)(district court has

duty to screen out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for

reasons stated in greater detail below, that petitioner's sentencing claims do not entitle

him to habeas relief, such that the petition must be summarily denied. *See McIntosh v.

Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III.  Discussion

The Court will discuss petitioner's four sentencing claims together.  Petitioner first

claims that the trial court judge improperly departed above the sentencing guidelines

range of 81 to 135 months when he sentenced petitioner to 180 to 300 months on the

first-degree criminal sexual conduct convictions.  Petitioner further claims that the judge

failed to articulate substantial and compelling reasons to justify the departure.  Petitioner

claims that his sentence is disproportionate to the seriousness of his conduct or to his

status as a first-time offender.  Petitioner lastly contends that the sentence of fifteen to

twenty five years on the highest charges of first-degree criminal sexual conduct is cruel

and unusual punishment.

A sentence imposed within the statutory limits is not generally subject to habeas

review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher,* 200 F. Supp.

-4-

2d 725, 744 (E.D. Mich. 2002).  The offense of first-degree criminal sexual conduct is punishable by up to life in prison.  Petitioner's sentence of fifteen to twenty five years was within the statutory maximum for the first-degree criminal sexual conduct charges.  A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010).  "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)).  Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *See Austin*, 213 F. 3d at 301; *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

-5-

Moreover, the trial court judge's alleged failure to articulate substantial and compelling reasons for departing above the sentencing guidelines range, as required by M.C.L.A. 769.34(3), would not entitle petitioner to habeas relief, because the alleged violation of Michigan law is not a basis for habeas relief. *See Jackson v. Hofbauer*, No. 08-cv-14649, 2008 WL 4937956, * 3 (E.D. Mich. November 13, 2008); *See also Koras v. Robinson,* 123 Fed. Appx. 207, 214 (6th Cir. 2005)(state trial judge's alleged failure to articulate the reasons for enhancing habeas petitioner's sentence, in violation of M.C.R. 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief).

Petitioner also argues that his sentence of fifteen to twenty five years was disproportionate to the offense and to the offender.

The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence.  The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime.  *Harmelin*, 501 U.S. at 1001.  Therefore, successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare."  *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore generally not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *Friday,* 200 F. Supp. 2d at 744.  Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *See Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).  Moreover, petitioner's sentence of fifteen to twenty five years for first-degree criminal sexual conduct was not

-6-

disproportionate to the offense or to the offender. *See e.g. Stadler v. Curtin*, 682 F. Supp. 2d 807, 829-30 (E.D. Mich. 2010)(State court's determination that sentence of twenty-five to forty years for first degree criminal sexual conduct was not disproportionate, and thus did not violate petitioner's Eighth Amendment rights, was not contrary to, and did not involve unreasonable application of, clearly established federal law and thus did not warrant federal habeas relief, where sentence fell within statutory limits).

To the extent that petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, namely, his lack of any prior criminal history, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin,* 501 U.S. at 996). Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

In his fourth claim, petitioner claims in passing that the sentence imposed violates his right to equal protection. Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez v. Hemingway,* 157 F. Supp. 2d at 795. Petitioner has presented this Court no facts which establish that he was treated differently than other criminal defendants.

Although petitioner's sentence of fifteen to twenty five years in prison exceeded the sentencing guidelines range, the sentence was within the statutory maximum for the

crime of first-degree criminal sexual conduct.  Accordingly, petitioner's sentence does not violate the Eighth Amendment ban against cruel and unusual punishment.  See *Bryant v. Yukins,* 39 Fed. Appx. 121, 123 (6th Cir. 2002).  Petitioner is not entitled to habeas relief on his claims.

## IV.  Conclusion

The Court will summarily deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because

-8-

the appeal would be frivolous. *Id.*

## V. ORDER

IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  November 26, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 26, 2013, by electronic and/or ordinary mail and
also on Richard Alan Neff #780715, 1500 Caberfae Highway,
Manistee, MI  49660.

s/Barbara Radke
Deputy Clerk

---